His entire affidavit is too vague and general. H. Douglass, as to a skirt-protector of enamelled cloth over a facing, gives, as a date, "as early as 1861." This is not sufficient. R. Hood goes back only to 1865.

An injunction is granted.

[For other cases involving this patent, see note to MacDonald v. Blackmer, Case No. 8,758.]

McDONALD (UNITED STATES v.). See Cases Nos. 15,667–15,670.

## Case No. 8,769.

McDONALD et al. v. WHITE.

[1 Cranch, C. C. 149.] [1]

Circuit Court, District of Columbia. Dec. Term, 1803.

EXECUTION—WITHIN WHAT TIME MAY ISSUE.

After the year has elapsed, execution cannot issue here upon a judgment in Maryland, without a scire facias, notwithstanding the 13th section of the act of congress of 27th Feb., 1801 [2 Stat. 107].

[Action by McDonald & Holmes against Jane White.]

Motion by Mr. Peacock to quash a ca. sa.

The judgment was rendered in Montgomery county court in Maryland, in March, 1800. No execution issued in Montgomery. The transcript was brought into this court and the ca. sa. issued 29th September, 1803. By the act of congress of 27th February, 1801, § 13 (2 Stat. 107), upon a transcript of the proceedings and judgment in Maryland filed, execution may issue here and shall be proceeded on in the same manner as if the judgment had·been rendered here. But an execution, could not issue upon such a judgment obtained here, without a scire facias.

Execution quashed with costs.

CRANCH, Circuit Judge, declined giving an opinion, having been counsel for the plaintiff in the original action in Montgomery county.

## Case No. 8,770.

McDONALD v. WOODRUFF et al.

[2 Dill. 244.] [2]

Circuit Court, E. D. Arkansas. 1871.

LIBEL.—PLEADINGS — RESPONSIBILITY OF NEWSPAPER PUBLISHERS—MEASURE OF DAMAGES.

1. In an action for libel against the publishers of a newspaper, it is no justification that the article was copied from another paper, and that it showed this fact on its face.

2. Under the common law system of pleading, this fact may, when available, be used in mitigation of damages under the general issue.

[Cited in Upton v. Hume (Or.) 33 Pac. 813.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

3. One proprietor of a newspaper is responsible for the act of his co-proprietor in publishing a libelous article.

4. Libel defined—respective functions of court and jury in the trial of actions for libel—criticism of official conduct and public officers, extent and limitations upon the right—subsequent libelous articles—measure of damages.

[Cited in Erber v. Dun, 12 Fed. 531, 533.]

[This was an action of libel by McDonald against Woodruff and Blocker.]

W. G. Whipple, for plaintiff.

Garland & Nash, English, Gantt & English, and Watkins & Rose, for defendants.

PER CURIAM. In an action against the defendant as the publisher of a newspaper, for the publication of an article, libelous in its nature, concerning the plaintiff, a plea setting up that the article in question was first published in another designated newspaper, and that it was simply copied into the defendant's paper as an item of news, and that the article as copied showed that it was thus copied or taken from the other newspaper, is demurrable; these facts are available under the common law system of pleading, which prevails in this court, in mitigation of damages under the general issue, but in themselves are not pleadable in bar. Such is the weight of authority, and this view seems to us better supported by reason and principle than the opposite one. 2 Greenl. Ev. § 424, and cases cited; Romayne v. Duane [Case No. 12,028].

The cause was subsequently tried before DILLON, Circuit Judge, and CALDWELL, District Judge, and a jury. The plaintiff was the supervisor of internal revenue for the district embracing Missouri, Arkansas, and the Indian Territory. His official conduct in proceedings against tobacco manufacturers in the Indian country (see U. S.·v. Tobacco Factory [Id. 16,528]; The Cherokee Tobacco, 11 Wall. [78 U. S.] 616) called forth an article stated to have been written by Col. Boudinot, reflecting severely upon the plaintiff. This article, first appearing in another newspaper published in or near the Indian country, was copied by the defendants into the Daily Arkansas Gazette, of which they were the proprietors. The article was of considerable length, but in it were expressions referring to the plaintiff as "a self-convicted liar," "a stupid ass," "he is in the pay of the St. Louis tobacco manufacturers." No plea of justification was filed, and on the trial no evidence was offered to show any fraudulent or corrupt official conduct on the part of the plaintiff. The evidence being in, and the argument concluded, the circuit judge, with the concurrence of the district judge, charged the jury, as follows:

DILLON, Circuit Judge. 1. This is an action of libel. The declaration contains two counts. The one charges the alleged libelous article was published by the defend-